McGuireWoods LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Michael L. Simes
Direct: 212.548.7013

McGUIREWOODS

msimes@mcguirewoods.com
Fax: 212.715.2315

October 25, 2017

*Via ECF and Federal Express*
Hon. John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NJ 10007-1312

Re:   *Media Glow Digital, LLC & Times Square LED, LLC v. Panasonic Corporation of North America*, S.D.N.Y Case No. 1:16-cv-07907 (JFK)

Dear Judge Keenan:

      This firm represents Panasonic Corporation of North America ("Panasonic") in the above-referenced action. Pursuant to Your Honor's Individual Rules of Practice, Panasonic respectfully seeks a pre-motion conference in connection with its proposed motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

      This case arises out of two agreements Panasonic executed for product and installation services for a LED sign in New York's Times Square. One agreement, relating to the installation of a sign on the Millennium Broadway Hotel (the "Millennium Sign Agreement"), was between Panasonic and Plaintiff Media Glow Digital, LLC ("MGD"). A subsequent agreement, relating to the installation of the same sign on the DoubleTree Suites Hotel (the "DoubleTree Sign Agreement"), was between Panasonic and Times Square LED, LLC ("TSL").

      After executing the Millennium Sign Agreement, an air space rights dispute with a neighboring property owner threatened the viability of the project. Panasonic offered to work with MGD to seek to work around the air rights issues. However, MGD opted to discontinue the Millennium sign installation in favor of finding a new location in Times Square for the sign. MGD and Panasonic remained in contact during this process and, soon after, Panasonic entered into the DoubleTree Sign Agreement with TSL, an entity formed by the principals of MGD. The DoubleTree sign has been installed since October 2015 and is currently operational. Nonetheless, TSL has neither formally accepted the sign nor paid Panasonic the balance owed for the sign. Instead, when pressed by Panasonic for the final payment of approximately $2 million, MGD and TSL filed this lawsuit on October 10, 2016.

In their Complaint, Plaintiffs allege claims for breach of contract, breach of warranty, fraud, negligence and professional malpractice.[1] Plaintiffs seek several categories of damages. First, they hope to recover amounts paid to Panasonic, which are the only damages available even if Plaintiffs can prove a breach of either operative agreement. Plaintiffs also seek to recover payments made to certain third parties and demand that Panasonic cover Plaintiffs' potential lost advertising revenue, lease payments, and additional expenses, raising Plaintiffs' claimed damage total to $31,579,309.98 (of which $25,057,709.98 are incidental or consequential damages), plus punitive damages. **This motion is key to defining the contours of available damages and discovery, particularly expert discovery.**

A Rule 12(c) motion for judgment on the pleadings is timely because the pleadings are closed and such a motion will not delay the trial. A motion for judgment on the pleadings under Rule 12(c) is designed to provide a means of disposing of cases when the material facts are not in dispute. *See Kertesz v. Gen. Video Corp.*, No. 09-CV-1648 (GBD), 2010 WL 11506390, at *2 (S.D.N.Y. Mar. 31, 2010). Here, partial judgment on the pleadings is merited because the operative agreements bar the recovery of any amounts above and beyond the actual payments Panasonic received from Plaintiffs.

Indeed, both the Millennium and DoubleTree agreements, negotiated between two sophisticated entities of equal bargaining power, contain specific provisions, set forth in conspicuous capital letters, which limit Plaintiffs' recovery in the event of a dispute to amounts paid to Panasonic under the contracts.[2] First, the Millennium Agreement provides as follows:

> 5.1 NONE OF THE PARTIES, ITS AGENTS, AFFILIATES, CUSTOMERS, OR ANY OTHER PERSONS, SHALL BE LIABLE TO THE OTHER PARTY FOR ANY LOST PROFITS, INCIDENTAL, INDIRECT, OR CONSEQUENTIAL DAMAGES, ARISING UNDER THIS PRODUCTS AGREEMENT. THE MAXIMUM AMOUNT OF ANY PANASONIC LIABILITY TO COMPANY [MGD] SHALL BE LIMITED TO THE TOTAL DOLLAR AMOUNT OF ANY COMPANY PURCHASE OF EQUIPMENT, INTEGRATED SYSTEMS, OR RELATED SERVICES THAT IS SUBJECT TO THE CLAIM OF LIABILITY.

The DoubleTree Agreement also includes a clear limitation of liability provision. Exhibit A to the DoubleTree Agreement states:

> "7. LIMITATION ON LIABILITY. EXCEPT WITH RESPECT TO THE INDEMNIFICATION OBLIGATIONS OF THE PARTIES SET FORTH ABOVE AND

---

[1] On May 8, 2017, Plaintiffs filed a Second Amended Complaint, adding the following parties as Defendants in this matter: Icon Architectural Group, LLC; Icon Architectural Group, PLLC; Icon HD, LLC; Earl B. Lovell – S.P. Belcher, Inc.; and NY Land Surveyors P.C. The Second Amended Complaint is the operative Complaint in this matter.

[2] In deciding a motion for judgment on the pleadings, a court may consider "the pleadings and exhibits attached thereto, and statements or documents incorporated by reference in the pleadings." *Alvarado v. Kerrigan*, 152 F.Supp 2d 350, 354 (S.D.N.Y. 2001). Here, the court could decide the issue of consequential damages by reviewing the Second Amended Complaint and exhibits (namely, the Millennium Agreement and the DoubleTree Agreement) to the Second Amended Complaint.

FOR ANY DAMAGES INCURRED BY CUSTOMER AS A RESULT OF A DEFAULT BY PANASONIC UNDER THE PURCHASE AGREEMENT WHICH CAUSES A DEFAULT UNDER THE LEASE OR LICENSE AGREEMENT, IN NO EVENT SHALL EITHER PARTY BE LIABLE, TO THE OTHER PARTY, OR ANY THIRD PARTY, FOR INDIRECT, SPECIAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES, LOSS OR EXPENSES OF ANY KIND (INCLUDING, BUT NOT LIMITED TO, BUSINESS INTERRUPTION, LOST BUSINESS, LOST PROFITS, OR LOST SAVINGS), EVEN IF SUCH PARTY HAS BEEN ADVISED OF THEIR POSSIBLE EXISTENCE, WHICH ARISE UNDER OR BY REASON OF THE PURCHASE AGREEMENT.

Despite the clear limitation of damages clause in the Millennium Agreement, MGD seeks damages for rent, advertising revenues, and other expenses. *See* Second Am. Compl. ¶¶ 55, 56, 65. These alleged damages are clearly prohibited by the bar on consequential damages in Section 5.1. *See Schonfeld v. Hilliard*, 218 F.3d 164, 176 (2d Cir. 2000) ("'Special' or 'consequential' damages . . . seek to compensate a plaintiff for additional losses (other than the value of the promised performance) that are incurred as a result of the defendant's breach.") (citation omitted). Lost advertising revenue and payments to third parties are textbook "consequential damages" and are specifically precluded by the Millennium Agreement.

Similarly, TSL seeks various categories of damages, including rent, "significant additional expenses related to construction, operation and maintenance of the Doubletree sign[]", and a loss of "millions in advertising revenues as a result of Panasonic's delays and defective sign." *See* Second Am. Compl. ¶¶ 97, 98. These damages are barred by the express terms of the DoubleTree Agreement, which specifies that neither party shall be liable for "indirect, special, incidental, punitive, or consequential damages, loss or expenses of any kind (including, but not limited to, business interruption, lost business, lost profits, or lost savings), even if such party has been advised of their possible existence, which arise under or by reason of the purchase agreement." Thus, similar to the Millennium Agreement, these alleged damages cannot be recovered because the DoubleTree Agreement bars recovery for consequential damages. *See, e.g., Castillo Grand LLC v. Sheraton Operating Corp.*, No. 06 Civ. 5526, 2009 WL 2001441, at *10-11 (S.D.N.Y. July 9, 2009).

Panasonic expects Plaintiffs to argue that gross negligence somehow invalidates the relevant limitation of damages provisions. However, the limitation of damages provisions do indeed apply to Plaintiffs' claims for gross negligence and fraud because New York law dictates that "willful conduct" (requisite elements for fraud and gross negligence) means more than simple intentional behavior, and Plaintiffs have only pled intentional behavior. *See Metropolitan Life Insurance Co. v. Noble Lowdnes International, Inc.*, 84 N.Y.2d 430 (1994) (rejecting an argument that a limitation of damages provision could be disregarded simply because an alleged breach was intentional rather than inadvertent); *see also Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 554 (1992) ("[T]he conduct necessary to pierce an agreed-upon limitation of liability . . . must smack of intentional wrongdoing.").

For the foregoing reasons, Panasonic respectfully requests that the Court schedule a pre-motion conference regarding this issue and permit it to file a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) seeking to bar Plaintiffs from recovering any incidental, indirect, or consequential damages, including, but not limited to, lost profits, lost business, and business interruption.

Respectfully Submitted,

Michael L. Simes

cc: Frederick L. Whitmer, Esq. (via ECF and e-mail)
    Ian Michael Goldrich (via ECF and e-mail)
    Cole R. Ramey, Esq. (via e-mail)