

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
t 212 775 8700  f 212 775 8800

direct dial 212 775 8773
direct fax 212 775 8821
fwhitmer@kilpatricktownsend.com

March 5, 2018

**BY ECF**

Honorable John F. Keenan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NJ 10007-1312

    Re: *Media Glow Digital, LLC, et al. v. Panasonic Corporation of North America*, et.al., S.D.N.Y Case No. 1:16-cv-07907 (JFK)

Dear Judge Keenan:

  This Firm represents Plaintiffs Media Glow Digital, LLC ("MGD") and Times Square LED, LLC ("TSL" and, collectively with MGD, "Plaintiffs") in this action. We write in response to the February 28, 2018 letter filed by Defendants ICON Architectural Group, LLC, ICON Architectural Group, PLLC, and ICON HD, LLC (collectively, "ICON") (Dkt. 109). In its letter, ICON requests a pre-motion conference seeking permission to file a motion for summary judgment on three claims brought against ICON by MGD and TSL. ICON also seeks to "join Panasonic's proposed motion to preclude" Plaintiffs' experts Kevin Potts and Melissa Lerner from testifying as expert witnesses. Because both proposed motions would be meritless, Plaintiffs anticipate opposing them for the reasons set forth below.

  We also write in response to the March 1, 2018 letter filed by ICON (Dkt. 111) requesting that if the Court grants its request for a pre-motion conference and is inclined to schedule such conference for the same date and time as Panasonic's pre-motion conference to be held on March 13, 2018 at 2:45 p.m., or the morning of March 14 for the convenience of counsel for ICON. Although Plaintiffs do not believe ICON's proposed motions have merit, Plaintiffs do consent to adjourning any pre-motion conference. Because Magistrate Judge Pitman is considering a motion to extend certain deadlines, including dispositive motions, and set a discovery conference on the matter for March 14, 2018 at 2:00 p.m., Plaintiffs believe it is most efficient that any pre-motion conference on dispositive motions occur on that same day.

**Plaintiffs Have Moved for an Amended Case Management Order**

  As a preliminary matter, Plaintiffs moved for an order extending the deadlines for rebuttal expert disclosures, expert discovery, and dispositive motions on February 20, 2018 (Dkt. 101-1). As explained in the letter to Magistrate Judge Pitman and our January 29, 2018 letter to Your Honor (Dkt. 93), Plaintiffs' prior lead counsel, Ian Goldrich, surprisingly suffered a severe

Hon. John F. Keenan
March 5, 2018
Page 2

anxiety attack in late January forcing him to take a medical leave of absence and remove himself from this matter entirely. Plaintiffs' counsel has worked diligently to get up to speed and acquire the institutional knowledge of this matter, and continue prosecuting as expeditiously as possible. However, the extension of these deadlines is necessary to adequately prepare this matter for trial and prevent unforeseen prejudice to Plaintiffs. The motion is currently pending before Magistrate Judge Pitman, who has requested that a discovery conference on the matter be held on March 14, 2018 at 2 pm. (*See* Ex. A, 3/5/18 CM/ECF Notice Setting Discovery Conference for 3/14/18 at 2 pm)

Moreover, several depositions that will occur outside the current deadlines make the filing of ICON's proposed motions premature. Specifically, Plaintiffs noticed ICON's corporate representative deposition on February 9, 2018, but ICON stated that it could not make its corporate representative available for deposition until March 6th, which is after the March 1st deadline for close of fact discovery. Further, Plaintiffs timely disclosed experts Kevin Potts and Melissa Lerner and Panasonic has noticed those depositions for March 7th and March 9th, respectively. Additionally, Panasonic has scheduled the deposition of Robert Funk, a non-party investor in the sign projects, for March 8th. Due to these upcoming depositions to be taken outside of the current fact and expert discovery deadlines, Plaintiffs request that the Court deny ICON's request for a pre-motion conference at least until Magistrate Judge Pitman has ruled on Plaintiffs' motion for extension of the case management order.

**ICON's Defensive Summary Judgment Motion**

Although the bases of ICON's intended motion for summary judgment on Plaintiffs' various causes of action varies by claim, genuine disputes of material fact exist that prevent granting ICON's summary judgment motion. Those genuine issues of material fact include:

- As to Count Four (Breach of Contract-Third Party Beneficiary), evidence developed in discovery shows MGD was an intended third party beneficiary of Panasonic's contracts with ICON regarding the Millennium Sign project because (a) Panasonic and ICON understood and intended at the time of contracting that ICON's performance of the Millennium Sign project would be for the benefit of MGD, and (b) throughout the Millennium Sign project, ICON regularly communicated with and provided information and work product to MGD. With regard to TSL, evidence shows that TSL was an intended third party beneficiary of Panasonic's contracts with ICON regarding the DoubleTree Sign project because (a) Panasonic and ICON understood and intended at the time of contracting that ICON's performance of the DoubleTree Sign project would be for the benefit of TSL, and (b) prior to and throughout the DoubleTree Sign project, ICON regularly communicated with and provided information and work product to TSL. As to the issue of ultimate liability, there remains issues whether: (a) ICON materially breached the contracts with Panasonic regarding the Millennium Sign project by failing to conduct a survey of the site and failing to design, construct and install the Millennium Sign in accordance with the contracts' terms and specifications; and (b) ICON materially breached the contracts with Panasonic regarding the DoubleTree Sign project by failing to design, construct and install the DoubleTree Sign in accordance with the contracts' terms and specification.

- As to Count Five (Negligence and Negligent Misrepresentation), ICON owed Plaintiffs a duty to provide true and accurate information under the law. Factual issues remain as to whether ICON exercised reasonable care in obtaining and communicating the information, whether ICON supplied false information and failed to exercise reasonable care in obtaining and communication the information, and whether ICON knew or had reason to know that Plaintiffs would rely on such information. In addition to the duties owed under the parties' contracts, Plaintiffs' claims against ICON arise out of a general common-law duty to exercise reasonable care and seek recovery of damages outside of any contract.

- As to Count Seven (Professional Malpractice), evidence shows that ICON's work on the Millennium Sign and DoubleTree sign projects was intended for the benefit of Plaintiffs. Factual issues remain as to whether Plaintiffs reasonably relied on ICON's advice and work and whether ICON committed malpractice: (a) on the Millennium Sign project by failing to survey the site and failing to design, construct and install the Millennium Sign in accordance with the standards expected and required in the architecture and engineering professions in New York, and (b) on the DoubleTree Sign project by failing to construct and install the DoubleTree Sign in accordance with the standards expected and required in the architecture and engineering professions in New York.

These genuine issues of material fact prevent the granting of summary judgment and are issues to be determined by the trier of fact. Accordingly, ICON's request should be denied.

**ICON's Motion to Exclude Plaintiffs' Experts**

ICON requests a pre-motion conference on a proposed motion to exclude Plaintiffs' expert Kevin Potts, and states its intention to join Panasonic's proposed motion to exclude both of Plaintiffs' experts. For the reasons outlined in our response to Panasonic's request for pre-motion conference (Dkt. 106), ICON's request is improper.[1]

**ICON's Request for Adjournment of the March 12 Pre-Motion Conference**

Although Plaintiffs do not believe ICON's proposed motions have merit, if the Court grants ICON's request for a pre-motion conference and is inclined to schedule such conference for the same date and time as Panasonic's pre-motion conference to be held on March 12, 2018 at 11 a.m., Plaintiffs consent to adjourning any pre-motion conference. Plaintiffs prefer March 14 as Judge Pitman set a discovery conference on the matter be held on that date at 2 pm. (*See* Ex. A.) Counsel for the parties have consented to ICON's request. (*See* Exs. B & C, 3/1/18 Emails between counsel consenting to request for adjournment.)

---

[1] Separate from Panasonic, ICON contends that the expert report of Plaintiffs' expert, Kevin Potts, "does not even address ICON's professional services" (Dkt. 109 at 3-4), but that is not correct. Mr. Potts disclosed opinions in his disclosure that the LED sign at issue "was poorly designed and specified" and is not of "good quality, to industry standard, acceptable, or properly designed." These opinions directly relate to ICON's professional services on the Millennium Sign Project and DoubleTree Sign Project.

Hon. John F. Keenan
March 5, 2018
Page 4

    For the reasons set forth above, Plaintiffs respectfully oppose ICON's request to file each of the proposed motions.

                                              Respectfully submitted,

                                              */s/ Frederick L. Whitmer*

                                              FREDERICK L. WHITMER

cc:    All Counsel of Record (via ECF)