**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------- X

MEDIA GLOW DIGITAL, LLC, and    :
TIMES SQUARE LED, LLC,          :
                                :
            Plaintiffs,         :
                                :
    -against-                   :   No. 16 Civ. 7907 (JFK)(HBP)
                                :
PANASONIC CORPORATION OF NORTH  :   **ORDER PARTIALLY ADOPTING**
AMERICA, ICON ARCHITECTURAL     :   **REPORT & RECOMMENDATION**
GROUP, LLC, ICON ARCHITECTURAL  :
GROUP, PLLC, ICON HD, LLC,      :
EARL B. LOVELL – S.P. BELCHER,  :
INC., and NY LAND SURVEYOR      :
P.C.,                           :
            Defendants.         :
                                :
------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/29/2019

**JOHN F. KEENAN, United States District Judge:**

On March 6, 2019, Magistrate Judge Henry Pitman issued a
Report and Recommendation, ECF No. 195, (the "Report")
recommending that the Court grant or deny various parts of
Defendant Panasonic and Defendant ICON's separate motions for
summary judgment of various claims against them pursuant to
Federal Rule of Civil Procedure 56(a).  On March 20, 2019,
Plaintiffs, Panasonic, and ICON all filed separate objections to
the Report.  The Court has reviewed the Report and considered
all parties' objections.  For the reasons below, this Court
adopts the Report in part, but declines to adopt it in part.

## I. Background

### A. Factual Background

1

The Court assumes familiarity with the facts of this case as stated in the Report and the Court's previous Order and Opinion in this matter. See Report at 1-10; Media Glow Digital, LLC v. Panasonic Corp. of N. Am., 16 Civ. 7907 (JFK), 2018 WL 2175550, at *1-3 (S.D.N.Y. May 11, 2018). The Court also adopts the Report's defined terms.

## B. Procedural History

On April 5, 2018, ICON moved for summary judgment, pursuant to Rule 56(a), seeking dismissal of all of Plaintiffs' claims against it, specifically Plaintiffs' claims for (1) breach of contract; (2) negligence and professional malpractice; and (3) negligent misrepresentation. See ECF No. 168.

On April 6, 2018, Panasonic moved for partial summary judgment, pursuant to Rule 56(a), seeking (1) dismissal of Plaintiffs' negligence and negligent misrepresentation claims; (2) dismissal of Plaintiffs' fraud and fraudulent inducement claims; (3) dismissal of Plaintiffs' breach of warranty claim; (4) a judgment limiting Plaintiffs' breach of contract claim to direct damages;[1] and (5) a judgment in favor of Panasonic on its breach of contract counterclaim against TSL. See ECF No. 140.

On March 6, 2019, Magistrate Judge Henry Pitman issued the Report which made several recommendations. On ICON's motion for

_____

[1] The Court resolved this issue in its May 11, 2018 Opinion and Order which held that Plaintiffs were not entitled to consequential or punitive damages. Media Glow, 2019 WL 2175550 at *7-8.

2

summary judgment, the Report recommended (1) granting summary judgment on Plaintiffs' breach of contract claim, (2) denying summary judgment on Plaintiffs' negligence and professional malpractice claims, and (3) granting summary judgment on Plaintiffs' negligent misrepresentation claims. On Panasonic's motion for summary judgment, the Report recommended (1) granting summary judgment on Plaintiffs' negligence and negligent misrepresentation claims, (2) granting summary judgment on Plaintiffs' fraud and fraudulent inducement claims, (3) denying summary judgment on Plaintiffs' breach of warranty claim, and (4) denying Panasonic's motion for summary judgment on its breach of contract counterclaim against Plaintiff TSL.

On March 20, 2018, the Court received objections to the Report from Panasonic, Plaintiffs, and ICON. See ECF No. 197, 198 & 199 (respectively).

## II. **Legal Standards**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When a party makes a timely objection raising new arguments, the contested portions are reviewed de novo." Idlisan v. Mount Sinai Med. Ctr., No. 12-cv-8935 (PAC)(RLE), 2015 WL 136012, at *2 (S.D.N.Y. Jan. 9, 2015) (citing 28 U.S.C. § 636(b)(1)). However, "objections that are merely perfunctory

responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." Vega v. Artuz, No. 97 Civ. 3755 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (collecting cases).  Indeed, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (collecting cases).

### III. Discussion

#### A. ICON's Motion for Summary Judgment

##### 1. Plaintiffs' Negligent Misrepresentation & Breach of Contract Claims

As an initial matter, district courts "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).  As no objections have been made against them and the Court finds no facial errors, the Court hereby adopts the Report's recommendations to grant summary judgment on Plaintiffs' negligent misrepresentation and breach of contract claims against ICON.  Thus, the Court only needs to conduct a de novo review on the Report's recommendation

to deny summary judgment on Plaintiffs' negligence and professional malpractice claims.

## 2. Plaintiffs' Negligence & Professional Malpractice Claims

ICON argues that the Report incorrectly failed to follow "well-established" New York law barring recovery of economic loss in professional negligence cases. ECF No. 199 at 6. As ICON argues, under New York law, a plaintiff not in privity with an architect may not recover economic damages caused by negligence. Id. (citing Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of N.Y., 734 F. Supp. 2d 368, 378 (S.D.N.Y. 2010); Key Int'l Mfg., Inc. v. Morse/Diesel, Inc., 142 A.D.2d 448, 453 (2d Dep't 1988)). The Report held, however, that there was a "long line of negligence cases" where courts found an exception to this general bar where the "functional equivalent of privity" existed, establishing that a party not in privity with another may nevertheless owe that party a cognizable duty of care. (Report at 55-56 (collecting cases).) The Report then used the three-part "functional equivalent of privity" test and concluded that Plaintiffs had established an issue of material fact as to whether ICON owed a cognizable duty of care to the Plaintiffs. (Id. at 56-59.) As such, the Report recommended denying ICON's summary judgment motion on these claims. (Id.) ICON argues that the Report erred in this analysis because this "functional equivalent of privity" exception applies only to negligent

misrepresentation claims, not to all professional negligence claims. ECF No. 199 at 8. As this exception does not apply to this claim and as the only other exception is—as the Report rightly concluded—inapplicable, ICON argues that New York law effectively precludes Plaintiffs' negligence and professional malpractice claims and, thus, that the Report should have recommended summary judgment. Id. at 7-9.

The Court is persuaded that the "functional equivalent of privity" exception to New York's barrier against recovery of economic loss exists for negligent misrepresentation claims, but not for negligence or professional malpractice claims. See Stapleton v. Pavilion Bldg. Installation Sys., Inc., 09-cv-934S, 2017 WL 431801, at *5 (W.D.N.Y. Feb. 1, 2017) (applying the functional equivalent of privity test to a professional negligence claim only after converting it to a claim for negligent misrepresentation); Sutton Animal Hosp. PLLC v. D&D Dev., Inc., 2018 N.Y. Misc. LEXIS 4269, at 3-5 (N.Y. Sup. Ct. Sept. 24, 2018) (finding no cognizable claim for professional malpractice despite finding that the plaintiff had a relationship that was the functional equivalent of privity). In apparent recognition that plaintiffs often style their negligent misrepresentation claims as negligence, professional negligence, or professional malpractice claims, several courts have applied the "functional equivalence of privity" exception to those

claims, but only after essentially converting those claims to claims for negligent misrepresentation.[2] See, e.g., Stapleton, 2017 WL 431801, at *5 n.6 (holding that "the facts alleged with respect to [plaintiff's] professional negligence claim are essentially those that might have supported a negligent representation claim" before running the functional equivalency test to see if the exception was applicable); Travelers, 734 F. Supp. 2d at 380 ("Insofar as [plaintiff] alleges in the Complaint that 'the functional equivalent of privity exist[ed] between [defendant and third-party defendant], [plaintiff] has indicated that its 'negligence and/or professional negligence' claim is one for negligent misrepresentation"); Sutton, 2017 N.Y. Misc. LEXIS 4269, at 3-5 (converting a plaintiff's "professional malpractice" claim to one for "negligent misrepresentation" where the complaint alleged facts "analogous to the inaccurate findings that the Court of Appeals found to be actionable" in Ossining Union Free School Dist. V. Anderson LaRocca Anderson, 73 N.Y.2d 417 (N.Y. 1989)). Courts have only converted these claims, however, where (1) a plaintiff has pled the existence of the functional equivalence of privity or alleged facts supporting a negligent misrepresentation claim in

---

[2] At least one court that took such an action did so reasoning that "the Federal Rules of Civil Procedure only require the pleading of a claim and the specific label given to a cause of action is unimportant." Stapleton, 2017 WL 431801, at *5 n.6.

their complaint and (2) have not otherwise pled a negligent misrepresentation claim. Stapleton, 2017 WL 431801, at *5; Travelers, 734 F. Supp. 2d at 380; Sutton, 2017 N.Y. Misc. LEXIS 4269, at 3-5. Here, as Plaintiffs have separately pled a claim for negligent misrepresentation, which the Report correctly dismissed, such a conversion is inapplicable.

As the only exception by which the Plaintiffs could have avoided dismissal of these claims is inapplicable, the Court grants ICON's summary judgment motion as to Plaintiffs' negligence and professional malpractice claims. Since the Court grants summary judgment on this basis, it does not need to address ICON's additional objections on these claims.

## B. Panasonic's Motion for Summary Judgment

As an initial matter and as previously mentioned, a district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres, 216 F. Supp. 2d at 159. As no objections have been made on them and the Court finds no facial errors, the Court hereby adopts the Report's recommendation to grant summary judgment on Plaintiffs' negligent misrepresentation and fraud claims against Panasonic.

## 1. Plaintiffs' Negligence Claim

Plaintiffs object to the Report's recommendation to grant summary judgment on Plaintiffs' negligence claim arguing that

they had raised "a genuine issue of material fact as to whether Panasonic (a) negligently selected ICON (without considering any alternative professionals), Plaintiffs Br. 17-18; (b) negligently managed and supervised ICON's work, including its work on air rights issues, Plaintiffs' Br. 13-17; and (c) had a nondelegable duty arising out of its relationship with the particular plaintiffs under the contracts. Plaintiffs' Br. 1-2, 21." ECF No. 198 at 5. As previously mentioned, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." Vega, 2002 WL 31174466, at *1. Indeed, where a petitioner "has simply rearranged many portions of his original brief" and cited "back to his original brief in support of his renewed objections," the Court will apply a clear error standard rather than conducting a de novo review. Id. at *1-2; Molefe, 602 F. Supp. 2d at 487 (when a party "simply reiterates the original arguments, the Court will review the Report strictly for clear error."). As is evident from the quotation above, Plaintiffs have cited to their original brief in support of their renewed objections. A comparison between the cited pages of their original brief and their objection reveals that they have done little more than rearrange their original arguments, often using largely

identical wording. <u>Compare</u> ECF No. 198 at 6-8, <u>with</u> ECF No. 147 at 17-18; ECF No. 198 at 9-10, <u>with</u> ECF No. 147 at 15-16; ECF No. 198 at 10-11, <u>with</u> ECF No. 147 at 21. As such, Plaintiffs have merely reiterated their original arguments and the Court will, therefore, review this part of the Report for clear error. Finding no clear error, the Court adopts the Report's recommendation to grant summary judgment on Plaintiffs' negligence claim.

### 2. Plaintiffs' Fraudulent Inducement Claim

Plaintiffs object to the Report's dismissal of its fraudulent inducement claim against Panasonic as, in the relevant section, the Report limited its discussion to the fraud claim and did not address fraudulent inducement before it recommended dismissing both. ECF No. 198 at 11 n.6 (citing Report at 35-37).

The Court agrees that the Report did not address fraudulent inducement. This is, no doubt, because the parties did not address fraudulent inducement in any of their submissions. In a motion for summary judgment, the movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." <u>Nick's Garage, Inc. v. Progressive Cas. Ins. Co.</u>, 875 F.3d 107, 114 (2d Cir. 2017) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). As Panasonic has failed to meet this

10

burden as to Plaintiffs' fraudulent inducement claim against it, this Court will not grant summary judgment on that claim.

### 3. Plaintiff MGD's Breach of Warranty Claim

Panasonic objects to the Report's recommendation that its motion for summary judgment regarding Plaintiff MGD's breach of warranty claim be dismissed. ECF No. 197 at 2-3. Panasonic alleges that the Report only identifies a genuine issue of material fact as to whether Panasonic breached the express warranty in the DoubleTree Contract (executed with Plaintiff TSL) and does not identify such an issue in the Millennium Contract (executed with Plaintiff MGD). (Id. at 3.) Panasonic accordingly submits that the Report erred when it recommended denying Panasonic's motion for summary judgment on Plaintiff MGD's breach of warranty claim. (Id.)

The Court does not agree that the Report failed to identify an issue of fact relating to the Millennium Contract. The Report states that "plaintiffs have at least raised a triable issue of fact as to whether Panasonic breached its warranty to provide a 'good quality' LED sign 'free from defects in workmanship and materials.'" (Report at 42-43.) The warranty that the DoubleTree Sign (also known as the Millennium Sign and the subject of the Millennium Contract) be "free from defects in the workmanship and materials" appears in both the DoubleTree and the Millennium Contracts. (See Millennium Contract § 4.1;

11

DoubleTree Contract § 6.2.)  There is, thus, a triable issue of
fact arising out of both contracts and as to both Plaintiffs.
Though the Report may not have explicitly stated it, this is, no
doubt, why Magistrate Judge Pitman recommended denying
Panasonic's motion for summary judgment as to both Plaintiffs'
breach of warranty claims.  Accordingly, the Court adopts the
Report's recommendation to deny summary judgment as to both
Plaintiffs' breach of warranty claims.

### 4. Panasonic's Breach of Contract Counterclaim against TSL

Panasonic also objects, not to the Report's ultimate
recommendation denying its motion for summary judgment on its
counterclaim against TSL, but to the Report's "suggestion" that
Plaintiff TSL rejected the DoubleTree Sign. ECF No. 197 at 4.
After finding that it was clear from the Record that Panasonic
was well aware of TSL's dissatisfaction with the DoubleTree Sign
"before, during, and after its installation," the Report states
that "[g]iven that the product in question was a large-scale LED
sign that was installed on a massive hotel facade in Times
Square, it would have been impossible for plaintiffs to 'reject'
such a product in the traditional sense cited by Panasonic other
than to make its dissatisfaction with the sign known." (Report
at 45.)  Panasonic argues that this "suggestion" that TSL
rejected the sign is a clear error contrary to law which would
improperly shift the burden of proof at trial to Panasonic to

prove that the DoubleTree Sign conformed to the Contract. ECF
No. 197 at 1, 4-6. Panasonic, thus, requests that the Court
"modify the Report to find that TSL accepted the DoubleTree Sign
and therefore bears the burden of proof at trial." Id. at 6.

Panasonic's original argument on this issue stated that
there was "no question that TSL has accepted the DoubleTree
sign" and no evidence that TSL had seasonably rejected the goods
under Section 2-602(1) of the New York Uniform Commercial Code
("N.Y.U.C.C.") or that TSL had revoked its acceptance. ECF No.
158 at 10. Under Section 2-602(1) of N.Y.U.C.C. "a buyer is
given a reasonable time to inspect goods upon their receipt and
to reject them by seasonable notification if they are found to
be non-conforming." RIJ Pharma. Corp. v. Ivax Pharma., Inc., 322
F. Supp. 2d 406, 413 (S.D.N.Y. 2004) (citing Sherkate Sahami
Khass Rapol v. Henry J. Jahn & Son, Inc., 701 F.2d 1049, 1051
(2d Cir. 1983)). Even a buyer that accepts goods, however, has
a "reasonable time" to revoke that acceptance—which has the same
effect as a rejection—where he accepted "on the reasonable
assumption that [non-conformity of the goods with the contract]
would be cured and it has not been seasonably cured." N.Y.U.C.C.
§ 2-608. In either case, determining whether a particular time
period was reasonable or whether notification was seasonable is
generally a question of fact for the jury. Simply Natural Foods
LLC v. Polk Mach. Co., Inc., No. 11-CV-3911 (JS)(SIL), 2015 WL

5599152, at *4 (E.D.N.Y. Sept. 22, 2015) ("determining whether a particular time period was reasonable [in a rejection or revocation context] is generally a question for the jury."); GE Packaged Power, Inc. v. Readiness Mgmt. Support, L.C., 510 F. Supp. 2d 1124, 1130 (N.D. Ga. 2007) (applying New York law) (finding the amount of time that is "reasonable" for such an inspection and the seasonable notification of rejection "depends upon the nature, purpose, and circumstances of the acts" and is thus a question for the jury) (quoting Sherkate, 701 F.2d at 1051). A question of reasonableness for these purposes only becomes a question of law "when only one inference may be drawn as to the reasonableness of the time in which the defendant rejected the goods." Simply Natural, 2015 WL 5599152, at *4 (quoting Tabor v. Logan, 114 A.D.2d 894, 894 (2d Dep't 1985)).

Here, Panasonic has fallen far short of showing that "only one inference may be drawn as to the reasonableness of time" such that TSL's acceptance would be a question of law. Simply Natural, 2015 WL 5599152, at *4. Moreover, the Court holds that the extensive evidence TSL presented of (1) its dissatisfaction with the DoubleTree Sign "before, during, and after its installation," (2) Panasonic's awareness of the issues with the sign, and (3) Panasonic's efforts to fix the identified issues after delivery raise issues of fact as to "reasonable time" for rejection and revocation that are appropriately left to a jury.

14

Simply Natural, 2015 WL 5599152, at *4. As such, the Court declines Panasonic's invitation to hold that TSL accepted the DoubleTree Sign and leaves that question open for a jury.

### C. Additional Modification

Having adopted and declined to adopt the Report's recommendations as above, the Court makes one final modification to the Report sua sponte. The late Judge Casey's first name should be Richard, not William. (See Report at 25.)

### CONCLUSION

For the reasons stated above, the Court adopts the Report docketed at ECF No. 195, with the following exceptions: the Court (1) declines to adopt the Report's denial of summary judgment as to Plaintiffs' negligence and professional malpractice claims against ICON, (2) declines to adopt the Report's granting of summary judgment as to Plaintiffs' fraudulent inducement claims against Panasonic, and (3) changes Judge Casey's first name on page 25 to Richard.

In summary, as to Defendant ICON's motion for summary judgment, the Court hereby GRANTS summary judgment as to Plaintiffs' breach of contract, negligence and professional malpractice, and negligent misrepresentation claims. As to Panasonic's motion for summary judgment, the Court GRANTS summary judgment as to Plaintiffs' negligence and negligent misrepresentation and fraud claims, DENIES summary judgment as

to Plaintiffs' fraudulent inducement and breach of warranty claims, and DENIES summary judgment as to Panasonic's breach of contract counterclaim against TSL.

The Clerk of Court is respectfully directed to terminate the motions docketed at ECF Nos. 139 and 164.

**SO ORDERED.**

Dated:    New York, New York
           March 29, 2019

_John F. Keenan_
                  John F. Keenan
         United States District Judge