UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDIA GLOW DIGITAL, LLC and TIMES
SQUARE LED, LLC,

                Plaintiffs,

- against -

PANASONIC CORP. OF NORTH AMERICA;
ICON ARCHITECTURAL GROUP, LLC;
ICON ARCHITECTURAL GROUP, PLLC;
ICON HD, LLC; EARL B. LOVELL-S.P.
BELCHER, INC., and NY LAND
SURVEYOR, P.C.,

                Defendants.

**ORDER**

16 Civ. 7907 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Defendants ICON Architectural Group, LLC, ICON Architectural Group, PLLC, and ICON HD, LLC (collectively "ICON") seek reconsideration of a May 29, 2019 order granting Defendant Panasonic Corporation of North America's ("Panasonic") motion for reconsideration and partially granting the motion for reconsideration of Plaintiffs Media Glow Digital, LLC and Times Square LED, LLC. (ICON Mot. (Dkt. No. 216)).[1] For the reasons stated below, ICON's motion for reconsideration will be denied.

## **BACKGROUND**

### I. **FACTS**

        The facts of this case are set forth in Magistrate Judge Pitman's Report and Recommendation ("R&R").[2] (Dkt. No. 195) In short, this dispute relates to the design,

---

[1] The May 29, 2019 order was issued by the Honorable John F. Keenan. (Dkt. No. 215) This case was reassigned to the undersigned on May 31, 2019.

[2] Familiarity with the R&R and other orders issued in this case is assumed.

fabrication, and installation of an LED sign in New York's Times Square. Plaintiff Media Glow entered into an agreement to build and operate the sign on the façade of the Millenium Broadway Hotel on West 44th Street in Manhattan, and then contracted with Defendant Panasonic to purchase and install the sign. (Panasonic R. 56.1 Stmt. (Dkt. No. 141) ¶¶ 1, 15, 82) Without objection from Media Glow, Panasonic subcontracted the design, construction, and installation of the sign to ICON. (Id. ¶¶ 164, 165) The sign as constructed was incompatible with air rights, causing Plaintiffs to abandon the project in early 2014. (Id. ¶¶ 189-93; Pltf. R. 56.1 Stmt. (Dkt. No. 175) ¶ 382) On June 12, 2014, Times Square LED, a company comprised of the principals of Media Glow, contracted with Panasonic to repurpose the sign for another hotel, the DoubleTree Suites Hotel at West 47th and Broadway. (Panasonic R. 56.1 Stmt. (Dkt. No. 141) ¶¶ 112-22) On August 8, 2014, Times Square LED entered into a 20-year lease with the DoubleTree Suites Hotel concerning display of the sign, which was installed, but there were issues with the timeliness of the installation and the functionality of the sign. (Id. ¶¶ 135-36, 150-53)

## II. PROCEDURAL HISTORY

The Complaint was filed on October 10, 2016. (Cmplt. (Dkt. No. 1)) On May 8, 2017, Plaintiffs filed the Second Amended Complaint, which alleges claims for: (1) breach of contract against Lovell-Belcher and NY Land Surveyor; (2) breach of contract against Panasonic; (3) breach of warranty against Panasonic; (4) breach of contract (third party beneficiary) against ICON; (5) negligence and negligent misrepresentation against Panasonic and ICON; (6) fraud and fraudulent inducement against Panasonic; and (7) professional malpractice

against ICON. (Second Amended Cmplt. ("SAC") (Dkt. No. 33) at 22-26)[3] On June 16, 2017, Panasonic filed a counterclaim against Times Square LED for breach of contract. (Answer (Dkt. No. 49))

ICON moved for summary judgment on April 5, 2018. (ICON Mot. (Dkt. No. 164)) Defendant Panasonic moved for summary judgment on April 6, 2018, both as to Plaintiffs' claims against it, and on its counterclaim against Times Square LED. (Panasonic Mot. (Dkt. No. 139)) Magistrate Judge Pitman issued an R&R to Judge Keenan on March 6, 2019. (R&R (Dkt. No. 195))

Judge Pitman recommended that Panasonic be granted summary judgment on Plaintiffs' claims for negligence, negligent misrepresentation, fraud, and fraudulent inducement. (Id. at 67) Judge Pitman further recommended that Panasonic's motion for summary judgment be denied as to Plaintiffs' breach of warranty claim and as to Panasonic's counterclaim for breach of contract against Times Square LED. (Id.)

Judge Pitman also recommended that ICON's motion for summary judgment on Plaintiffs' breach of contract and negligent misrepresentation claims be granted, but that ICON's motion be denied as to Plaintiffs' negligence and professional malpractice claims. (Id. at 67-68)

On March 29, 2019, Judge Keenan issued an order partially adopting Judge Pitman's R&R. (March 29, 2019 Order (Dkt. No. 204)) Judge Keenan granted Panasonic's motion for summary judgment as to Plaintiffs' negligence, negligent misrepresentation, and fraud claims, but denied Panasonic's motion as to Plaintiffs' fraudulent inducement and breach

---

[3] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.

of warranty claims. (Id. at 15) Judge Keenan likewise denied Panasonic's motion as to its breach of contract counterclaim against Times Square LED. (Id. at 15-16)

As to ICON's motion, Judge Keenan granted ICON summary judgment on Plaintiffs' breach of contract, negligence, professional malpractice, and negligent misrepresentation claims. (Id. at 15)

On April 3, 2019, Panasonic moved for reconsideration concerning the denial of its motion for summary judgment as to Plaintiffs' fraudulent inducement claim. (Panasonic Mot. (Dkt. No. 205))

On April 12, 2019, Plaintiffs moved for reconsideration regarding the Court's grant of ICON's motion for summary judgment as to Plaintiffs' negligence and professional malpractice claims, and regarding the Court's grant of Panasonic's motion for summary judgment as to Plaintiffs' negligence claims. (Pltf. Mot. (Dkt. No. 208))

In a May 29, 2019 Order, Judge Keenan addressed the various motions for reconsideration. (May 29, 2019 Order (Dkt. No. 215)) Judge Keenan granted Panasonic's motion for reconsideration and granted its motion for summary judgment as to Plaintiffs' fraudulent inducement claim. (Id. at 24)

As to Plaintiffs' motion for reconsideration, Judge Keenan denied the motion as to the dismissal of Plaintiffs' negligence claim against Panasonic (id.), but granted the motion as to Plaintiffs' claims against ICON. Judge Keenan noted that he had granted summary judgment dismissing Plaintiffs' negligence and professional malpractice claims against ICON without considering Plaintiffs' timely filed objections to Judge Pitman's R&R. (Id. at 10) Considering these two claims de novo, Judge Keenan again granted ICON's motion for summary judgment as to Plaintiffs' professional malpractice claim, finding that Plaintiffs had "failed to meet their

4

burden of providing expert testimony on the appropriate standards of care applicable" to that claim. (Id. at 21) However, Judge Keenan found that Plaintiffs' negligence claim against ICON was "not barred by the economic loss doctrine,"[4] and that Plaintiffs had "established a genuine issue of material fact as to the functional equivalent of privity between them and ICON." (Id. at 15) Accordingly, Judge Keenan vacated his earlier ruling as to Plaintiffs' negligence claim against ICON, and denied ICON's motion for summary judgment on Plaintiffs' negligence claim. (Id. at 16, 24)

As a result of Judge Keenan's May 29, 2019 order, only the following claims remain: Plaintiffs' claims against Panasonic for breach of warranty and breach of contract; Plaintiffs' claim against ICON for negligence; and Panasonic's counterclaim against Times Square LED for breach of contract. (Id.)[5]

On June 11, 2019, ICON moved for reconsideration of Judge Keenan's May 29, 2019 order. ICON claims that it is entitled to summary judgment on Plaintiffs' negligence claim. (ICON Mot. (Dkt. No. 216))

---

[4] "[C]ourts have applied the economic loss rule to prevent the recovery of damages that are inappropriate because they actually lie in the nature of breach of contract as opposed to tort." Hydro Inv'rs, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 16 (2d Cir. 2000). However, where "a plaintiff can satisfy [the 'functional equivalent of privity'] requirements," that plaintiff may bring "tort claims sounding in negligence [as a] non-privy third part[y]." Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 60 (2d Cir. 2012).

[5] The SAC's breach of contract claim against NY Land Surveyor P.C. was voluntarily dismissed on July 18, 2018. Earl B. Lovell - S.P. Belcher, Inc. has not appeared. (SAC (Dkt. No. 33) at 22; Dkt. No. 181)

5

## DISCUSSION

I. **LEGAL STANDARDS**

    A. **Motion for Reconsideration**

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court." Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" RST (2005) Inc. v. Research in Motion Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

"The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478). "To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." RST (2005) Inc., 597 F. Supp. 2d at 365 (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

"[Local] Rule 6.3 is intended to '"ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters."'" Id. (second alteration in original) (quoting S.E.C. v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988))). "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Id.

**B.     Negligence**

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006) (quoting Solomon ex rel. Solomon v. City of New York, 66 N.Y.2d 1026, 1027 (1985)). "[A] viable cause of action for professional malpractice or negligence 'requires that the underlying relationship between the parties be one of contract or the bond between them so close as to be the functional equivalent of privity.'" Bullmore v. Ernst & Young Cayman Islands, 45 A.D.3d 461, 464 (1st Dept. 2007) (quoting Ossining Union Free School Dist. v. Anderson LaRocca Anderson, 73 N.Y.2d 417, 419 (1989)).

Under New York law, the functional equivalent of privity exists where a plaintiff establishes that "(1) the defendant had an awareness that its work was to be used for a particular purpose; (2) there was reliance by a third party known to the defendant in furtherance of that purpose; and (3) there existed some conduct by the defendant linking it to that known third party evincing the defendant's understanding of the third party's reliance." Fin. Guar. Ins. Co. v.

7

Putnam Advisory Co., 783 F.3d 395, 405-06 (2d Cir. 2015) (quoting Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 59 (2d Cir. 2012)).

The "functional equivalent of privity" doctrine applies to claims for negligence. See In re Tribune Co. Fraudulent Conveyance Litig., No. 11 MD 2296, 2019 WL 294807, at *31 (S.D.N.Y. Jan. 23, 2019) (holding that a "claim for professional malpractice must therefore be treated as a simple cause of action for negligence"); Fin. Guar. Ins., 783 F.3d at 405 (applying the "functional equivalent of privity" doctrine to a negligence claim); Bayerische, 692 F.3d at 45, 59-60 ("a plaintiff that can satisfy the [functional equivalent of privity] requirements will, we think, also be within the limits established under New York law for tort claims sounding in negligence that are brought by nonprivy third parties"). Moreover, "[t]hat defendants are professionals does not automatically make plaintiffs' tort claim one sounding in professional malpractice, for an action against a professional sounds in simple negligence when neither specialized knowledge nor expert testimony is necessary to determine whether due care was exercised . . . ." Kohl v. Green, 235 A.D. 2d 671, 671-72 (3rd Dept. 1997) (citing De Leon v. Hospital of Albert Einstein Coll. of Medicine, 164 A.D. 2d 743, 748 (1st Dept. 1991)).

## II. ANALYSIS

ICON contends that "Plaintiffs' claim for 'negligence' against ICON is one and the same as their claim for professional malpractice, and should have been dismissed on the same ground as the professional malpractice claim." (ICON Br. (Dkt. No. 217) at 4)  In the alternative, ICON argues that if the "'negligence' claim may be considered a claim for negligent misrepresentation, that cause of action was already dismissed" in Judge Keenan's March 29, 2019 Order.  (Id.; see also March 29, 2019 Order (Dkt. No. 204) at 4, 15)  According to ICON,

"Plaintiffs have not pled any factual allegations which could support any type of negligence claim." (Id.)

###### A. Negligence and Professional Malpractice

ICON contends that "since the elements of [negligence and professional malpractice] are the same[,] . . . this Court should dismiss the 'negligence' claim on the same ground [as the professional malpractice claim]." (Id. at 7-8)

Acknowledging that the elements of negligence are at play in an action for professional malpractice, the type of proof required for these causes of action is different, and – under certain circumstances – a claim for simple negligence may proceed against a professional even in the absence of expert testimony. See Kohl, 235 A.D.2d at 671-72 ("an action against a professional sounds in simple negligence when neither specialized knowledge nor expert testimony is necessary to determine whether due care was exercised"). In Kohl, the court considered "whether plaintiffs [had] adduced sufficient evidence of defendants' failure to exercise reasonable care in the performance of a home inspection to permit the issue to go to the jury." Id. at 671. In ruling that plaintiffs had met their burden, the court "reject[ed] defendants' contention that plaintiffs [had] failed to prove a prima facie case because of the absence of expert testimony to establish the professional standard of care an engineer must employ in conducting a structural inspection." Id. at 672.

Here, Judge Keenan noted that "[a] claim for professional malpractice requires a plaintiff to prove that the defendant departed from the 'accepted standards of practice.'" (May 29, 2019 Order (Dkt. No. 215) at 16 (citing Bruno v. Trus Joist a Weyerhaeuser Bus., 87 A.D.3d 670, 672 (2d Dept. 2011) (internal quotations and citations omitted))) Judge Keenan went on to dismiss Plaintiffs' professional malpractice claim, because "Plaintiffs' expert's report . . . [did]

not directly address ICON's conduct." (Id. at 17) "Plaintiffs have, thus, failed to meet their burden of providing expert testimony on the appropriate standards of care applicable to their professional malpractice claim against ICON." (Id. at 21) Such expert testimony is, however, not necessary to prove a simple negligence claim, and Judge Keenan's findings concerning the professional malpractice claim do not apply to Plaintiffs' negligence claim against ICON.

This distinction undermines another argument made by ICON: that "allegations of purported 'negligence' by ICON . . . have already been considered and rejected by this Court in the May 29th Order as requiring expert testimony and cannot survive as allegations of garden-variety negligence . . . ." (Def. Reply Br. (Dkt. No. 221) at 8) But Judge Keenan made clear that his ruling regarding the need for expert testimony was directed to the professional malpractice claim. He stated that expert testimony was necessary to determine whether there was "a departure from the acceptable standards of practice" – an element of professional malpractice, but not of negligence. (May 29, 2019 Order (Dkt. No. 215) at 19)

For this same reason, the cases ICON cites are unavailing, because they all involve claims for professional malpractice. (See Def. Reply Br. (Dkt. No. 221) at 8-9)

This Court further concludes that there are genuine issues of material fact as to Plaintiffs' simple negligence claim against ICON. As to privity, Judge Keenan's May 29, 2019 Order states, and ICON does not appear to contest, that "Plaintiffs have presented evidence establishing that (1) ICON was fully aware the LED sign was being manufactured for Plaintiffs' benefit, (2) Plaintiffs relied on the services being provided by ICON, and (3) ICON apprised Plaintiffs of the status of the project and sent them updated schedules for the completion of the signs. . . . Viewing the evidence in a light most favorable to the Plaintiffs, the Court finds that Plaintiffs have established a genuine issue of material fact as to the functional equivalent of

privity between them and ICON." (May 29, 2019 Order (Dkt. No. 215) at 15 (citing Aktas v. JMC Dev. Co. Inc., 877 F. Supp. 2d 1, 27 (N.D.N.Y. 2012)))

As to breach of a duty, "the significant delays in completion allegedly caused by ICON, whether ICON was responsible for obtaining proper air space measurements, whether ICON applied for proper permits in a timely manner and whether the LED sign installed was properly functioning, may be issues that can be resolved by a lay jury without expert testimony [depending] on what specific acts of malpractice plaintiffs are able to establish at trial." (R&R (Dkt. No. 195) at 64) Accordingly, Judge Keenan properly found that there are genuine issues of material fact as to whether ICON is liable for simple negligence.

### B. Negligence and Negligent Misrepresentation

ICON also argues that Judge Keenan's dismissal of Plaintiffs' negligent misrepresentation claim compels dismissal of Plaintiffs' negligence claim. (ICON Br. (Dkt. No. 217) at 10) ICON notes that, in the SAC, Plaintiffs' negligence claim is part of the same cause of action as the negligent misrepresentation claim that Judge Keenan dismissed in his March 29, 2019 Order. (Id.) According to ICON, "there are no allegations supporting a distinct 'negligence' claim that are separate and apart from the pled negligent misrepresentation claim." (Id.)

In his March 6, 2019 R&R, Judge Pitman recommends that ICON be granted summary judgment on Plaintiffs' negligent misrepresentation claim, because ICON's alleged "inaccurate estimates regarding the completion dates of the . . . signs 'are just the sort of representations about future events that cannot support a claim for negligent misrepresentation.'" (R&R (Dkt. No. 195) at 66 (quoting Hydro Investors Inc. v. Trafalgar Power Inc., 227 F. 3d 8, 21-22 (2d Cir. 2000))) Noting that Plaintiffs had not objected to this recommendation, Judge

11

Keenan adopted it without further comment. (March 29, 2019 Order (Dkt. No. 204) at 4) While Plaintiffs sought reconsideration of Judge Keenan's ruling concerning their negligence claim, they did not seek reconsideration of his ruling concerning their negligent misrepresentation claim.

Judge Keenan's reasoning in granting ICON summary judgment on Plaintiffs' negligent misrepresentation claim does not apply to Plaintiffs' negligence claim. The negligence claim is premised on specific acts and omissions of ICON, including its conduct with respect to permit applications and air space measurements; it is not premised on estimated completion dates. Accordingly, ICON's argument that "there are no allegations supporting a distinct 'negligence' claim that are separate and apart from the pled negligent misrepresentation claim" (ICON Br. (Dkt. No. 217) at 10), is incorrect.

ICON's argument that the negligence and negligent misrepresentation claims are pled in the same cause of action provides no basis for granting ICON summary judgment on Plaintiffs' negligence claim. Prior orders in this case have repeatedly put ICON on notice that the SAC pleads a negligence claim separate and apart from both the negligent misrepresentation claim and the professional malpractice claim. See R&R (Dkt. No. 195) at 63, 65, 68; March 29, 2019 Order (Dkt. No. 204) at 5-8; May 29, 2019 Order (Dkt. No. 215) at 10-16, 24)

ICON has not demonstrated "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" with respect to Judge Keenan's decision to permit Plaintiffs' simple negligence claim to proceed, while granting ICON summary judgment on Plaintiffs' negligent misrepresentation claim. Virgin Atl. Airways, 956 F.2d at 1255.

## **CONCLUSION**

For the reasons stated above, ICON's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion. (Dkt. No. 216)

This matter is scheduled for trial on **May 18, 2020**. The joint pretrial order, motions in limine, requested voir dire, and requests to charge are due on **April 24, 2020**. Responsive papers are due **April 30, 2020**. The parties are directed to consult this Court's Individual Rules as to the contents of these materials.

Dated: New York, New York
March 24, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge