UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDIA GLOW DIGITAL, LLC and TIMES
SQUARE LED, LLC,

               Plaintiffs,

        - against -

PANASONIC CORP. OF NORTH AMERICA;
ICON ARCHITECTURAL GROUP, LLC;
ICON ARCHITECTURAL GROUP, PLLC;
ICON HD, LLC; EARL B. LOVELL-S.P.
BELCHER, INC., and NY LAND
SURVEYOR, P.C.,

               Defendants.

**ORDER**

16 Civ. 7907 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Defendants ICON Architectural Group, LLC, ICON Architectural Group, PLLC,

and ICON HD, LLC (collectively "ICON") seek reconsideration of this Court's March 24, 2020

order (Dkt. No. 228) denying ICON's June 11, 2019 motion for reconsideration.  (Dkt. No. 216)

In its March 24, 2020 order, this Court rejected ICON's argument that it is entitled to summary

judgment on Plaintiffs' negligence claim against ICON.  (Mar. 24, 2020 Order (Dkt. No. 228) at

12)[1]  For the reasons stated below, ICON's motion for reconsideration (Dkt. No. 234) will be

denied.

**DISCUSSION**

I.     **LEGAL STANDARD**

        "Motions for reconsideration are governed by Local Rule 6.3 and are committed

to the sound discretion of the district court."  <u>Liberty Media Corp. v. Vivendi Universal, S.A.</u>,

---

[1]  All references to page numbers in this Order are as reflected in this District's Electronic Case
Files ("ECF") system.

861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" RST (2005) Inc. v. Research in Motion Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted)). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

"The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478). "To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." RST (2005) Inc., 597 F. Supp. 2d at 365 (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

"[Local] Rule 6.3 is intended to '"ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters."'" Id. (second alteration in original) (quoting S.E.C. v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988))). "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule

6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Id.

## II.    ANALYSIS

ICON now argues that "this Court overlooked or misapprehended Judge Keenan's express holding that Plaintiffs were required – but failed – to proffer expert testimony to prove the categories of conduct discussed" in his May 29, 2019 order.[2] (ICON Br. (Dkt. No. 234-1) at 8) ICON cites to a particular section of that order in which "Judge Keenan engaged in a very detailed and deliberate analysis and discussion of the examples of negligent conduct by ICON alleged by Plaintiffs to be provable with lay evidence alone, without requiring expert testimony." (Id. (citing May 29, 2019 Order (Dkt. No. 215) at 16-21)) ICON claims that Judge Keenan "rejected Magistrate Judge Pitman's Report and Recommendation in this regard, and held that the categories of conduct into which Plaintiffs' specific examples fell required expert testimony to establish the applicable standard of care and any breach by ICON." (Id.)

In its March 24, 2020 order, this Court cited with approval Judge Pitman's March 6, 2019 Report & Recommendation ("R&R"), which lists a number of issues "'that can be resolved by a lay jury without expert testimony[, depending] on what specific acts of malpractice plaintiffs are able to establish at trial'" in support of their negligence claim. (Mar. 24, 2020 Order (Dkt. No. 228) at 11 (quoting R&R (Dkt. No. 195) at 64))

In filing the instant motion for reconsideration, it is ICON that "overlooks or misapprehends" aspects of Judge Keenan's May 29, 2019 order. The portions of Judge Keenan's order cited by ICON address Plaintiffs' "claim for professional malpractice[, which] requires a

---

[2]  The May 29, 2019 order was issued by the Honorable John F. Keenan.  (Dkt. No. 215)  This case was reassigned to the undersigned on May 31, 2019.

plaintiff to prove that the defendant departed from the 'accepted standards of practice.'" (May 29, 2019 Order (Dkt. No. 215) at 16 (quoting Bruno v. Trus Joist a Weyerhaeuser Bus., 87 A.D.3d 670, 672 (2d Dept. 2011))) Judge Keenan was not addressing Plaintiffs' simple negligence claim in these portions of his May 29, 2019 order. And none of the cases ICON now cites involve claims for simple negligence; all of these cases involve claims for professional malpractice or professional negligence. See 530 East 89 Corp. v. Unger, 43 N.Y.2d 776, 777 (1977) (professional malpractice); Michael v. He Gin Lee Architect Planner, PLLC, 153 A.D.3d 704, 705 (2d Dept. 2017) (same); Herman v. Franke, Gottsegen, Cox Architects, 155 A.D.3d 841, 842 (2d Dept. 2017) (same); Wax NJ-2, LLC v. JFB Constr. & Dev., 111 F. Supp. 3d 434, 446 (S.D.N.Y. 2015) (professional negligence). Because ICON relies on those portions of Judge Keenan's order that address professional malpractice, its arguments are not persuasive.

As this Court noted in its March 24, 2020 Order, "[a]cknowledging that the elements of negligence are at play in an action for professional malpractice, the type of proof required for these causes of action is different, and – under certain circumstances – a claim for simple negligence may proceed against a professional even in the absence of expert testimony." (Mar. 24, 2020 Order (Dkt. No. 228) at 9 (citing Kohl v. Green, 235 A.D.2d 671, 671-72 (3rd Dept. 1997)))

ICON has not put forth "controlling law or factual matters" that this Court "overlooked and that might reasonably be expected to alter the conclusion reached by the court." RST (2005) Inc., 597 F. Supp. 2d at 365.

## **CONCLUSION**

For the reasons stated above, ICON's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion. (Dkt. No. 234) No further motion for

reconsideration from ICON will be entertained. The case will proceed to trial on the schedule set in this Court's March 30, 2020 order (Dkt. No. 232).

Dated: New York, New York
        April 8, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge