UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MEDIA GLOW DIGITAL, LLC and TIMES SQUARE LED, LLC,

            Plaintiffs,

    - against -

PANASONIC CORP. OF NORTH AMERICA; ICON ARCHITECTURAL GROUP, LLC; ICON ARCHITECTURAL GROUP, PLLC; ICON HD, LLC; EARL B. LOVELL-S.P. BELCHER, INC., and NY LAND SURVEYOR, P.C.,

            Defendants.

**ORDER**

16 Civ. 7907 (PGG) (SLC)

PAUL G. GARDEPHE, U.S.D.J.:

    On March 19, 2021, Defendant Panasonic Corporation of North America ("Panasonic") filed under seal a Supplemental Pre-Trial Brief (Dkt. Nos. 290-291) and the declaration of Michael L. Simes, with attached Exhibits 1-21 and 24. (See Dkt. Nos. 292-314) The documents filed under seal include the following:

- the December 5, 2011 Millennium Agreement between Media Glow Digital, LLC ("Media Glow") and Panasonic, and an August 21, 2012 Change Order to that agreement (Exs. 1, 2);

- emails from Isaac Montanya dated June 8, 2011, July 27, 2011, January 27, 2012, and February 2, 2012 (Exs. 3, 4, 5, 6, 24);

- the February 7, 2011 Agreement between ADTI Media, LLC and Media Glow (Ex. 7);

- emails from Andrew Melton dated October 29, 2013, November 6, 2013, and

December 9, 2017 (Exs. 8, 9, 18);

- an October 29, 2013 email from Joey Root (Ex. 10);

- excerpts from the January 9, 2018 and February 23, 2018 depositions of Isaac Montanya, the February 27, 2018 deposition of Keith Hanak, the February 5, 2018 Rule 30(b)(6) deposition of Media Glow, and the March 6, 2018 deposition of Michael Kuntz (Exs. 11, 12, 13, 15, 21);

- a Letter of Intent for LED Mesh Installation at the Millennium Hotel (Ex. 14);

- the June 8, 2014 Purchase Agreement between Times Square LED LLC and Panasonic, and a December 26, 2014 amendment to that agreement (Exs. 16, 17);

- excerpts from the March 11, 2021 hearing concerning the parties' motions in limine (Ex. 19); and

- a June 15, 2014 email from Michael Kuntz (Ex. 20).

(Simes Decl. (Dkt. No. 292) ¶¶ 2-25)[1]

On March 24, 2021, this Court ordered Panasonic to submit a motion to seal these documents in accordance with this Court's Individual Rules. (Dkt. No. 325)

Panasonic submitted a motion to seal on March 29, 2021, in which it states that "[t]he parties do not believe that any of [the exhibits submitted under seal] satisfy the sealing standard [set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006]." (Dkt. No. 328 at 2) Panasonic nonetheless requests that the Court allow to remain under seal "documents [that] were produced by third parties with confidentiality designations under the Protective Order governing this case[,]" specifically, exhibits 7, 8, 9, 10, 18, 24, and the

---

[1] Exhibits 22 and 23, which are excerpts from "The Ultimate Dictionary of Real Estate Terms," 2020 edition and the "Dictionary of Real Estate Terms," (9th Ed. 2017), were filed publicly. (See Dkt. Nos. 292-22, 292-23; Simes Decl. (Dkt. No. 292) ¶¶ 23-24)

redactions on pages 11 and 15 of Panasonic's supplemental brief, which quote the aforementioned exhibits produced by third parties (the "Third Party Documents and Information"). These exhibits include the February 7, 2011 Agreement between ADTI Media, LLC and Media Glow (Ex. 7); emails from Andrew Melton dated October 29, 2013, November 6, 2013, and December 9, 2017 (Exs. 8, 9, 18); an October 29, 2013 email from Joey Root (Ex. 10); and a January 27, 2012 email from Isaac Montanya (Ex. 24).

Documents produced by third parties must meet the same standards for sealing that apply to other documents exchanged by the parties during discovery. And the fact that the parties have designated third-party material as confidential pursuant to the protective order entered in this case does not alter the need to meet the Lugosch standard. See, e.g., ValveTech, Inc. v. Aerojet Rocketdyne, Inc., No. 17-CV-6788-FPG-MJP, 2021 WL 630910, at *6 (W.D.N.Y. Feb. 18, 2021) (denying motion to seal where plaintiff sought to seal documents on the sole basis that they were "designated by Defendant and/or third party Boeing as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' pursuant to the parties' Stipulated Protective Order").

The Court intends to unseal all material that is currently under seal. The parties are directed to (1) notify forthwith any third party that provided documents to the parties pursuant to a confidentiality agreement of the Court's intention to unseal; and (2) provide any such third party with a copy of this Order. Any third party wishing to challenge unsealing will make a submission to this Court concerning unsealing by **April 21, 2021**. Absent such a filing, all material currently under seal will be unsealed.

The Clerk of Court is respectfully directed to modify the viewing level for Dkt. Nos. 293 (Ex. 1), 294 (Ex. 2), 295 (Ex. 3), 296 (Ex. 4), 297 (Ex. 5), 298 (Ex. 6), 303 (Ex. 11),

304 (Ex. 12), 305 (Ex. 13), 306 (Ex. 14), 307 (Ex. 15), 308 (Ex. 16), 309 (Ex. 17), 311 (Ex. 19), 312 (Ex. 20), and 313 (Ex. 21) to the public viewing level.  By **April 15, 2021**, Panasonic will file an amended copy of its supplemental brief removing the redaction on page 22 of a direct quote from Exhibit 20.

Dated: New York, New York
April 14, 2021

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge