UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDIA GLOW DIGITAL, LLC and TIMES SQUARE LED, LLC,<br><br>       Plaintiffs,<br><br>    - against -<br><br>PANASONIC CORP. OF NORTH AMERICA, and EARL B. LOVELL-S.P. BELCHER, INC.,<br><br>       Defendants. | **ORDER**<br><br>16 Civ. 7907 (PGG) (SLC) |

PAUL G. GARDEPHE, U.S.D.J.:

    Trial in this matter is scheduled for September 6, 2022.  (Dkt. No. 365)  In a July 15, 2022 letter, Defendant Panasonic Corporation of North America ("Panasonic") seeks permission "to conduct a videotaped trial deposition" of an unidentified individual expected to be a Plaintiffs' witness at trial.  (Dkt. No. 366)  Plaintiffs object to Panasonic's application, arguing that "the witness's willingness to testify at trial in person makes a video-taped deposition unnecessary."  (Dkt. No. 368)  Also pending before the Court is Plaintiffs' application for this witness to testify by video conference at trial.  (Dkt. No. 362)  Panasonic opposes Plaintiffs' application.  (Dkt. No. 363)

    For the reasons stated below, both applications will be denied.

## BACKGROUND

    Discovery in this matter closed on March 29, 2018.  (Dkt. No. 120)  After dispositive motion practice and delays associated with the COVID-19 pandemic, this Court set trial for July 11, 2022.  (Dkt. No. 344)

    In a July 4, 2022 letter, Plaintiffs request that an unnamed witness "be permitted to testify live via . . . remote means during trial" in light of his "unavailability" from a diagnosis

with "cardiac amyloidosis." (July 4, 2022 Pltfs. Ltr. (Dkt. No. 362) at 1) Plaintiffs cite to a June 14, 2022 doctor's note asserting that the witness is at "higher risk [of] developing COVID" and that it would "not be advisable for him to travel to [New York City] due to his cardiac amyloidosis." (Id.) Plaintiffs contend that the witness's medical condition and "the lingering COVID-19 virus" qualify as "exceptional circumstances" that justify permitting this witness to testify by video conference. (Id. at 2)

   Defendant Panasonic objects to the witness testifying by video conference, arguing that Plaintiffs "unduly delayed submitting this request" and, in any event, have not demonstrated "good cause" under Fed. R. Civ. P. 43(a) for this accommodation. (July 5, 2022 Def. Ltr. (Dkt. No. 363) at 1, 3)

   On July 7, 2022, this Court adjourned the July 11, 2022 trial date to September 6, 2022. (Dkt. No. 365)

   In a July 15, 2022 letter, Panasonic requests permission "to conduct a videotaped trial deposition" of this witness. (Dkt. No. 366) Panasonic states, inter alia, that: (1) "[t]he witness has not been previously deposed"; (2) "the witness's testimony is [not] needed in this case and therefore [Panasonic] did not depose him during discovery"; and (3) "Plaintiffs have represented that he is an essential witness but did not depose him during discovery despite knowing he was outside the Court's subpoena power." (Id. at 1)

   In a July 19, 2022 letter, Plaintiffs object to Panasonic's application to take a videotaped "trial deposition" of the witness. (Dkt. No. 368) Plaintiffs represent that "[i]f the Court is not inclined to allow the witness to testify virtually, the witness . . . will make himself available to testify in person at the [September 6, 2022] trial." Plaintiffs argue that the

2

"witness's willingness to testify at trial in person makes a video-taped trial deposition unnecessary." (Id.)

In an August 2, 2022 letter, Panasonic responds that Plaintiffs' assurance that the witness will testify at trial is insufficient, citing Plaintiffs' alleged "history of reversing positions" in this litigation. (Aug. 2, 2022 Def. Ltr. (Dkt. No. 370) at 2) Panasonic further argues that Plaintiffs have repeatedly stated that the witness is "a key witness for Plaintiffs over whom [they] have no control." Accordingly, Panasonic contends that "a trial deposition remains the best option to resolve this situation." (Id.)

## DISCUSSION

### I. LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'As courts in this district have held, . . . [both discovery and trial] depositions are governed by the scheduling order set by the Court, and may not be conducted after the close of discovery absent good cause to modify that order.'" In re: Gen. Motors LLC Ignition Switch Litig., 14-MD-2543 (JMF), 2016 WL 954593, at *2 (S.D.N.Y. Mar. 11, 2016) (quoting George v. Ford Motor Co., 03-CV-7643 (GEL), 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007)).

Although Rule 43(a) of the Federal Rules of Civil Procedure states that, "[a]t trial, the witnesses' testimony must be taken in open court," the rule provides that

> [f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a); see Rodriguez v. Gusman, 974 F.3d 108, 114 (2d Cir. 2020) (Rule 43(a) gives a district court "discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards"). "Serious health conditions inhibiting a

witness's ability to travel constitute good cause and compelling circumstances to permit live testimony in open court via video conference." Sawant v. Ramsey, 2012 WL 1605450, at *3 (D. Conn. May 8, 2012). An advisory committee note to the 1996 amendment to Rule 43(a) provides, however, that

> [a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

Fed. R. Civ. P. 43(a), advisory committee note.

## II. ANALYSIS

Panasonic's application to take a "trial deposition" of the witness is denied, because it has not shown good cause for its failure to depose the witness during discovery, which closed more than four years ago. (See Dkt. No. 120) Indeed, Panasonic's assertion that "the witness's testimony is [not] needed in this case" only undermines its application for a trial deposition. (July 15, 2022 Def. Ltr. (Dkt. No. 366) at 1) In any event, Panasonic has not explained why it failed to depose this witness during the six years that this case has been pending. Because Panasonic has not shown good cause to reopen discovery at this late date, its application for a trial deposition is denied. See George, 2007 WL 2398806, at *12 ("Plaintiffs had every opportunity to seek the deposition . . . during the discovery period. . . . Plaintiffs instead made a strategic decision not to do so.").

Plaintiffs' request that this witness be permitted to testify by video conference is likewise denied. As an initial matter, Plaintiffs' application is moot, because Plaintiffs now represent that the witness is willing to testify in person at trial. (Dkt. No. 368)

4

In any event, Plaintiffs have not shown "good cause in compelling circumstances" to grant their application. Fed. R. Civ. P. 43(a). Plaintiffs waited until one week before trial to raise this issue, even though the July 11, 2022 trial date was set on February 11, 2022. (See Dkt. No. 344) Given that Plaintiffs were aware of the witness's medical condition by February or March of 2022 (see July 4, 2022 Pltfs. Ltr. (Dkt. No. 362) at 1), their failure to raise this issue prior to July 4, 2022 is inexplicable. Although Plaintiffs were aware of "the circumstances offered to justify transmission of testimony" long ago, they did not promptly request an order permitting testimony by video conference and did not act "as soon as the reasons [justifying testimony by video conference were] known." Fed. R. Civ. P. 43(a), advisory committee note.

Finally, as noted above, Plaintiffs now say that the witness "will make himself available to testify in person at the [September 6, 2022] trial." (July 19, 2022 Pltfs. Ltr. (Dkt. No. 368) at 1) And Plaintiffs have never submitted medical records demonstrating that the witness is medically unable to travel for in-person testimony or to offer in-person testimony. See Radosti v. Hudson's Bay Co., 18-CV-12266 (VSB), 2022 WL 2119299, at *2 (S.D.N.Y. May 4, 2022) (denying application for remote testimony where "[n]either [witness] provide[d] sworn affidavits or any medical documentation describing or substantiating their representation that, due to medical reasons, they [we]re unable to travel to testify at trial").

Given these circumstances, Plaintiffs have not shown "compelling circumstances" under Rule 43(a) to permit this witness to testify by video conference. Accordingly, Plaintiffs' application will be denied.

**CONCLUSION**

Defendant Panasonic's application for a trial deposition is denied, and Plaintiffs' application for an order permitting testimony by video conference is likewise denied.

Dated: New York, New York
August 11, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge